UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE GOODCOURAGE,

    Plaintiff,

vs.

CASE NO. 07-CV-10867
HON. LAWRENCE P. ZATKOFF

VANESSA D. WILSON and
UAW LOCAL 155,

    Defendants.
                                   /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Detroit, State of
Michigan, on the 9TH day of November, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss (Docket #12) and Plaintiff's Motion to File Second Amended Complaint (Docket #14). Plaintiffs filed a response to Defendants' Motion to Dismiss, to which Defendants replied. Defendants filed a response to Plaintiff's Motion to File Second Amended Complaint. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the Motions will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the Motions be decided upon the briefs submitted, without this Court entertaining oral arguments.

**II. BACKGROUND**

Prior to May 11, 2005, Plaintiff was a member of Defendant UAW Local 155 (the "Union") and an employee of ChemCast. On May 11, 2005, ChemCast terminated Plaintiff's employment.

On May 16, 2005, Plaintiff filed a grievance contesting her discharge. On July 29, 2005, Defendant Vanessa Wilson ("Wilson"), Financial Secretary of the Union, sent a letter to Plaintiff on behalf of the Union. Wilson advised Plaintiff that the Union had decided to withdraw Plaintiff's grievance, without prejudice. Among other things, the letter from Wilson to Plaintiff said:

* * * *

> You filed your grievance on May 16, 2005, for wrongful discharge and on May 17, 2005, the Company met with you and the Union Committee. It was said at that time that you violated the Company's safety policy "being under the influence of an intoxicating drug" will result in immediate discharge.
>
> The committee did not advance the grievance to arbitration due to the nature of the grievance and what they say was a conversation between you and the Company. You had a positive test result of drugs in your system when sent to the clinic for a work related injury. The Company has a policy to do a drug screen on any employee sent to the clinic. The Company informed the Union that they were going to suspend you for seven (7) days. However, following the meeting with you, the Company and the Union, you allegedly shared information with co-workers that was agreed to be confidential during and beyond that meeting. It was when the Company heard from workers in the plant that you shared your information about the drugs with them they made the decision to rescind the suspension and make it discharge as per the policy.
>
> The in-house Committee did not advance the grievance because they believed you all had an agreement that the contents of the meeting would be kept confidential and you violated that trust agreement. . . .

On August 17, 2005, Plaintiff received and reviewed her personnel file. Plaintiff alleges that in reviewing her personnel file, she learned that the Union and her bargaining representative missed the deadline for filing a request for Arbitration on her behalf, as required by the Collective Bargaining Agreement/Grievance Procedures.

On February 27, 2007, Plaintiff filed the instant action.

### III. OPINION

**A.     Defendants' Motion to Dismiss**

Defendants move the Court to dismiss Plaintiff's cause of action pursuant to Fed.R.Civ.P. 12(b)(6). Defendants assert that Plaintiff's Amended Complaint constitutes a cause of action under

2

29 U.S.C. §185(a), a/k/a Section 301 of the Labor Management Relations Act. Defendants assert that the causes of actions set forth in Plaintiff's Amended Complaint are time barred because they were filed long after the applicable six month statute of limitations. *See Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983); *Ryan v. General Motors Corp.*, 929 F.2d 1105, 1111 (6th Cir. 1991).

In response to Defendants' Motion to Dismiss, Plaintiff states that she "does not dispute Defendants' position that some of the claims under §301 of the Labor Management Act, and 29 USCS §159(a) as drafted are barred." Plaintiff further states that

> her complaint filed mixed allegations, some of which should have been set forth in separate counts in her Amended Complaint. In paragraph 9 of the Amended Complaint Plaintiff alleged that the Defendants did not act in a timely manner, engaged in fraudulent acts, and misrepresented in writing that Plaintiff's grievance had not been advanced. Plaintiff concedes that the allegations of the untimely handling of the grievance are related to the collective bargaining agreement that existed between her bargaining representative Union Local 155 and Plaintiff's employer, ChemCast. Plaintiff agrees with Defendants that these claims are time barred.

Plaintiff concludes her response by stating "Plaintiff respectfully requests that this Honorable Court grant Defendants' Motion to Dismiss in part and grant Plaintiff the opportunity to file a Second Amended Complaint."

Based on the foregoing, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Before dismissing Plaintiff's cause of action in its entirety, however, the Court addresses Plaintiff's Motion to File Second Amended Complaint to determine whether Plaintiff has any viable claims against Defendants.

**B.      Plaintiff's Motion to File Second Amended Complaint**

In support of her Motion to File Second Amended Complaint, Plaintiff contends that she has viable claims against the Union and Wilson for (1) for actionable fraud; (2) negligent misrepresentation; and (3) intentional infliction of emotional distress. Plaintiff argues that none of these claims would implicate (and therefore be subject to preemption under) Section 301 of the Labor Management Relations Act, as each of these three claims is a state law claim. Defendants

argue that Plaintiff's claims of fraud, negligent misrepresentation and intentional infliction of emotional distress are substantially dependent on an analysis of the collective bargaining agreement (*i.e.*, a Section 301 contract) and, as such, are preempted. *See Allis-Chalmers v. Lubeck*, 471 U.S. 202, 220 (1985).

    *1.*    *State Law Claims*

In order for this Court to exercise subject matter jurisdiction over the "state law claims" asserted in the proposed Second Amended Complaint, there would have to be diversity of citizenship among the parties.[1] In the original Complaint, the Amended Complaint and the proposed Second Amended Complaint, Plaintiff (1) asserted that the amount in controversy exceeds $75,000; (2) asserted that she is a resident (citizen) of Michigan, and (3) failed to identify the state of citizenship of either Wilson or the Union, an unincorporated labor organization. For purposes of determining subject matter jurisdiction, the Union is a citizen of Michigan because at least one of its members (Plaintiff) is a citizen of Michigan. *See United Steelworkers of America, AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965). In addition, based on the fact that Wilson is the Financial Secretary of the Union at its offices in Warren, Michigan (together with Plaintiff's failure to identify the citizenship of Wilson), the Court presumes that Wilson is also a citizen of Michigan. Accordingly, the Court finds that the statutory requirements of diversity jurisdiction have not been met because all parties are citizens of Michigan. *See* 28 U.S.C. § 1332. Therefore, if Plaintiff's proposed claims in the Second Amended Complaint arose solely under state law (as Plaintiff asserts), the Court lacks subject matter jurisdiction over Plaintiff's cause of action.

---

[1] Ironically, on the Civil Cover Sheet, Plaintiff indicated that the "Basis of Jurisdiction" was diversity. Despite that selection on the Civil Cover Sheet, in both the original Complaint and the Amended Complaint filed in this case, Plaintiff asserted that "Jurisdiction is sought pursuant to 29 USCS §159(a) in conjunction with 28 USCS § 1337, creating a jurisdictional basis for actions for breach of duty of fair representation, independent of § 301 of the Labor Management Relations Act." Accordingly, under the allegations set forth in the original Complaint, as well as the allegations set forth in the Amended Complaint, this Court had subject matter jurisdiction over Plaintiff's cause of action pursuant to 28 U.S.C. §1331.

2.    *Section 301 Preemption*

Even if the Court had subject matter jurisdiction over the claims in Plaintiff's proposed Second Amended Complaint, the Court would dismiss Plaintiff's cause of action. To the extent any of the claims asserted by Plaintiff in her proposed Second Amended Complaint could be construed to involve a federal question, such claim(s) would arise out of the collective bargaining agreement/grievance process. Therefore, such claim(s) would be preempted by Section 301 of the Labor Management Relations Act and would be time barred. *See* Section III.A. above. Accordingly, Plaintiff's proposed Second Amended Complaint would lack a viable claim in this Court. The law in the Sixth Circuit is clear: if the claim(s) in a proposed amended complaint are futile, a court should deny leave to amend the complaint. *See, e.g., Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (citations omitted); Fed.R.Civ.P. 15(a). Accordingly, for the reasons discussed in this Section III.B.2., the Court would deny Plaintiff's Motion to File Second Amended Complaint.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendants' Motion to Dismiss is GRANTED, Plaintiff's Motion to File Second Amended Complaint is DENIED, and the Court DISMISSES Plaintiff's cause of action. Judgment shall be entered accordingly.

IT IS SO ORDERED.


                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 9, 2007.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290