UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE GOODCOURAGE,

       Plaintiff,

vs.

CASE NO. 07-CV-10867
HON. LAWRENCE P. ZATKOFF

VANESSA D. WILSON and
UAW LOCAL 155,

       Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Detroit, State of
Michigan, on the 9th day of May, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Docket #20). Defendants are not entitled to file a response. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the Motion will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the Motion be decided upon the brief submitted, without this Court entertaining oral arguments.

**II. ANALYSIS**

On November 9, 2007, the Court granted Defendants' Motion to Dismiss Plaintiff's Amended Complaint. The Court dismissed Plaintiff's cause of action because the parties did not dispute that Plaintiff's claims in her Amended Complaint constituted claims under §301 of the Labor Management Relations Act and 29 USCS §159(a) and were barred. The Court then denied Plaintiff's Motion to File a Second Amended Complaint, which complaint stated three state law claims. As the Court stated in the November 9, 2007, Opinion:

> In order for this Court to exercise subject matter jurisdiction over the "state law claims" asserted in the proposed Second Amended Complaint, there would have to be diversity of citizenship among the parties.

The Court then concluded there was no diversity of citizenship among the parties, as a matter of law.

Plaintiff does not contest the Court's conclusion that there is no diversity of citizenship among the parties. Rather, Plaintiff argues that the claims she set forth in the proposed Second Amended Complaint were not preempted by the Labor Management Relations Act, and focuses on the following statement of the Court:

> To the extent that any of the claims asserted by Plaintiff in her proposed Second Amended Complaint could be construed to involve a federal question, such claim(s) would arise out of the collective bargaining/grievance process.

The Court finds that Plaintiff's argument only buttresses the Court's conclusion discussed above. If the claims are not preempted by the Labor Management Relations Act, such claims are state law claims and require diversity of citizenship among the parties. As set forth above, the Court has already held that there is no diversity of citizenship, and Plaintiff does contest that finding. In addition, it appears that Plaintiff overlooked the fact that the Court was citing an alternative reason why the Motion for Second Amended Complaint was being denied when that statement was set forth. In other words, the Court had already denied the Motion for Second Amended Complaint, and the statement upon which Plaintiff relies is merely dicta premised on the assumption (not the conclusion) that the proposed claims presented a federal question instead of a state law claim.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

            s/Lawrence P. Zatkoff
            LAWRENCE P. ZATKOFF
            UNITED STATES DISTRICT JUDGE

Dated: May 9, 2008

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 9, 2008.

                                             s/Marie E. Verlinde
                                             Case Manager
                                             (810) 984-3290